## A. J. DAUGHERTY v. THE STATE.

### No. 3894. Decided January 12, 1916.

**1.—Carrying Pistol—Statement of Facts—Diligence.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the record showed sufficient diligence on the part of counsel to obtain a statement of facts and that he was deprived of same by no fault on his part, the same will be considered on appeal.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the conviction rested entirely, or nearly so, upon the extra-judicial confession of the defendant, and he denied on trial that he carried such pistol, the evidence was insufficient to support a conviction.

**3.—Same—Extra-Judicial Confession—Rule Stated—Corpus Delicti.**

It has always been held that extra-judicial confessions alone are not sufficient to establish the corpus delicti. Following Hill v. State, 11 Texas Crim. App., 132.

Appeal from the County Court of Williamson. Tried below before the Hon. Richard Critz.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Wilcox & Graves*, for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.—Cited Van Dyke v. State, 179 S. W. Rep., 111.

DAVIDSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, his punishment being assessed at a fine of $100.

Motion is made to strike out the statement of facts because filed after adjournment of the term without an order entered for that purpose. This motion of the Assistant Attorney General is met by affidavit to the effect that on the last day of the term, which was the 30th of October, a statement of facts prepared by appellant's counsel was presented to the proper officers for approval, the county attorney and the judge. This may have been, and doubtless was, presented in ample time to have been read and disposed of, as the statement of facts is short. But this was not done, and after full free discussion among themselves, the county judge held it was not necessary, the county attorney agreeing with him, and one of the attorneys for appellant said he agreed with them on reading article 845, but was afraid of it and preferred to have an order entered granting time. However, they all agreed finally that the law was so plain, as they expressed it, that it was not necessary to enter the order, and it was not entered. Appellant's counsel rather insisted, however, that it should be entered. The last day of the term being Saturday, the statement of facts was not

approved, but Monday, after going over the matter with the county attorney, an agreement was reached and the county judge approved the statement of facts, and it was filed on that day, which was the first day of November, court having adjourned the 30th of the preceding month.

The question is, was this sufficient diligence on the part of counsel to obtain a statement of facts, and was he by no fault on his part deprived of the same? We are of opinion that he was not wanting in diligence. He presented the statement of facts early enough on Saturday to have had it approved that day, and in view of the ruling of the county judge and the county attorney, that it was not necessary to enter the order, they did not take up the matter and approve the statement of facts during term time. This should have been done, or proper order entered granting time after adjournment of court. Under this view of the case we believe appellant is entitled to have his statement of facts considered, or the case reversed because he was deprived of such statement of facts. Inasmuch as the statement of facts is before us signed by both parties and approved by the judge, and filed as above stated, we are of opinion it is not necessary to reverse for that reason, but consider the evidence.

The facts show that some parties were going from Florence to Briggs in an auto at night. There came up a very heavy thunder storm and rain, which put their car out of commission, and they spent the night in the car on the road. The lightning and thunder was vivid and heavy and the rain came down with considerable force and in great quantities During the night a noise was heard on the left-hand side of the car at the front end. It was discussed among the occupants of the car as to what created the noise. Some said it was a gun or pistol; others said it was lightning or obstruction of a nearby object, and thunder, etc. No one saw any pistol, and if appellant had a pistol it was at this point. He sat on the right-hand side of the car and was driver. Another witness sat by his side in front of the car on the left. He says appellant did not have a pistol and did not fire one; that in order for him to have fired out of the left-hand side of the car he would have had to reach across the body of the witness and shoot out of the left-hand side of the car. This he says appellant did not do. This is the State's case, except one witness, Sudduth, who had made threats to break up the defendant by prosecution, etc., on account of some difficulty they had about settling some financial matters; he testified that appellant stated to him he fired a pistol at this time and place. This may be said to be the sum and substance of the facts. No one saw the pistol; two heard a noise. The only witness who seems to have been in position to know said appellant did not fire a pistol and did not create the noise. Appellant himself testified that he did not have a pistol and did not own a pistol at the time except an old broken one, which was at home, incapable of being shot. Under this state of case we are unwilling to affirm this judgment. The extra-judicial verbal confession of a defendant will not prove the case. It has always been held that extra-judicial

confession alone is not sufficient to establish what we term the corpus delicti. This has specially been so held since Hill v. State, 11 Texas Crim. App., 132. If appellant had a pistol and fired it, of course he would be guilty; at least he could be charged with having had the pistol at the time. This case is treated not as raising the question of appellant being a traveler, though the facts show he was going from Florence, in Williamson County, to Briggs, in Burnet County. But the mere fact of a noise under the circumstances here detailed, and the thunder storm with lightning and heavy rain, would not be sufficient of itself to show appellant had a pistol, or that the noise was made by a pistol. Then the State is relegated to the fact that appellant stated to the witness Sudduth that he fired the pistol. It would hardly be sufficient to prove the case independent of some fact or circumstance that appellant had a pistol. Appellant denied this most strenuously and stated he made no such statement to Sudduth.

We are unwilling to affirm the judgment in this condition of the record, therefore it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*